Green J.
delivered the opinion of the court.
In this case, Horn, who was defendant below, claims the land under Moody, from whom he purchased. Moody was in possession of, and cultivated, a small part of the land included in Childress’ entry and grant, at the time Childress’ entry was made, and no notice was given to him, by Chil-dress, of his intention to enter the same, as is required by the act of 1824, c 22, § 6. After the entry of Childress had been made, and when it was being surveyed, the survey- or refused to run through the part in the occupation of Moody, unless with Moody’s consent. Childress then applied to Moody for permission to run through his field, promising that *104 when be should get his grant, he would convey the field back to Moody, on his paying his proportion of the fees. Upon this condition, Moody permitted him to run through the field. The conveyance was not made as promised.
The defendant insisted, that, as no notice had been given as directed, by the act of 1824, c 22, § 6, the entry and grant of the lessor of the plaintiff were void. But the court charged the jury — “That notice need not be expressly proved, but might be inferred, nor was it necessary that it should be written notice; and furthermore, that notice might be waved, and if Moody suffered the plaintiff to run through the field, it was a waver of the notice required.”
It is true, as his Honor stated to the jury, that the notice, required by the statute, may be waved. So this court held, in the case of Wilson vs. Hudson, 8 Yer. 408, where it is decided, that if a party, who is in the possession and cultivation of land, advise another to enter it, and is present when the entry is made, consenting that it should be done, he shall be held to have waved his right to the thirty days notice, required by the act of 1824. But, in the present case, there was no assent, given by Moody, that Childress should make the entry, nor does it appear he knew any thing of the claim of Childress, until the survey was being made. It is, therefore, not within the principle of the case of Wilson vs. Hudson.
The agreement of Moody, after the entry had been made, that the surveyor might run through his field, cannot be regarded as a waver of the notice, that should have been given him long before that time. This agreement had, in fact, no reference to the previous action of Childress, but was made upon his promise to convey the land, included in the field, to Moody, when he should get a grant; and the question is, whether Moody is estopped, by this agreement, to insist that the entry and grant of Childress are void for want of the notice? We think he is not. The agreement would have been, in effeet, a verbal sale of his land, or his occupant right to it, if Childress had contracted to retain the title in himself and make compensation to Moody, and would have been within the statute of frauds, as in the case of Nichol vs. *105 Lytle, 4 Yer. 456. But he did not consent to part with the land. He only agreed, that the title might pass into Chil-dress, to be revested in himself. If this agreement does not bind Childress to convey the land to Moody, according to' his promise, surely it would be the greatest injustieej to say that it should estop Moody to insist, that the entry and grant are void for want of the notice. Although, therefore, the entry and grant of Childress are void, by the express provisions of the statute, yet, as this court decided iñ Den vs. Nixon, 10 Yer. 518, the last term at Nashville, it is void fro tanto only. It is valid, except as to the land which was unlawfully included.
Note. Acquiescence — waver. It is frequently said, in the books, that rights are lost by acquiescence and waver. A brief essay upon this point, methodis-ing what is to be found in the authorities, would be an acceptable present to the profession. — For the present, see the doctrine relative to this subject, stated in 2 Merivale, 335, 336, by Sir John Leafch in argument, and 326, by Sir William Grant. The circumstances of acquiescence may justify the inference of an express agreement, or may amount to a waiver, But they can have neither of these effects where the party was ignorant of his rights, or was laboring unddr a mistake. See Brown’s Notes, Book A. 56, MM.
The judgment must be reversed, and the cause remanded for another trial, to be had therein.